IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNATHAN FRANKLIN,

                Plaintiff,                OPINION AND ORDER

v.

                                             17-cv-562-wmc

JOAN HANNULA, et al.,

                Defendants.

---

*Pro se* plaintiff Johnathan Franklin suffers from bilateral pes planus (flat feet), which is worse in his left foot. He alleges that for multiple years doctors have recommended that he use orthotic and cushioned shoes, specifically air sole shoes. When he arrived at Stanley Correctional Institution ("Stanley") in 2012, Franklin possessed Nike Air Max All Conditions Gear ("ACG") boots, but those shoes were confiscated, and Franklin had to work with the HSU to determine his footwear needs. Over the course of multiple off-site appointments, Franklin was prescribed different types of ankle-foot orthosis ("AFO") braces meant for him to wear inside of his state-issued boots. However, Franklin insists that the AFO's were the wrong type of orthotic for him, causing large skin lesions and foot, ankle, knee, hip and back pain. According to Franklin, while he is still required to wear supports inside of his state-issued boots, he needs to be able to wear either the Nike ACG boots he had worn previously or any other "orthopedic shoes of supreme cushion."

This court granted leave to proceed in this civil lawsuit on claims that Dr. Joan Hannula and Stanley's HSU manager Jamie Barker acted with deliberate indifference and negligence in failing to provide proper shoes to address his foot condition. Currently pending before the court are three motions filed by Franklin: a renewed motion for a

preliminary injunction ordering defendants to permit Franklin to purchase the orthopedic footwear he seeks (dkt. #30), and two motions for discovery (dkt. ##36, 38). For the reasons that follow, the court will deny those motions.

FACTS[1]

Dr. Hannula appears to have first examined Franklin on August 15, 2016, and determined that he did not need special shoes. (Barker decl. (dkt. #33) ¶ 3.) Because Franklin continued to experience discomfort, he was seen by outside podiatrist Dr. Elliot at Gunderson Health on May 9, 2017. After examining him, Dr. Elliot opined that Franklin "may continue to wear current shoe and any other shoe that fits his orthotic or AFO." (*Id.* ¶ 4.) On June 12, 2017, Dr. Hannula saw Franklin again, acknowledging Franklin's request for high top state boots, but concluded that his orthotics "fit his state boots." (*Id.* ¶ 3.)

On June 16, 2017, Franklin requested new shoes during a nursing sick call. The nurse noted that Franklin admitted that his orthotics fit in all of his footwear, but also noted that Franklin wanted high-top shoes. On July 19, 2017, security staff, HSU, Franklin's unit manager and Franklin convened for a meeting about his ongoing requests for different shoes. During the meeting, Franklin stated "that his current orthotics were

---

[1] For purposes of the pending motion for preliminary injunction, the following facts are deemed material and undisputed unless otherwise noted. In part, the court previously denied Franklin's preliminary injunction motion because he had not followed the court's procedures for obtaining preliminary injunctive relief, which required him to file proposed findings of fact in support of his claims, along with evidence to support those proposed findings. In his renewed motion, Franklin still has not submitted a stand-alone set of proposed findings of fact, but he sets forth multiple proposed facts in his motion and has signed his motion, declaring the veracity of those statements under penalty of perjury. Thus, while he still has not followed the procedures with precision, the court will proceed to consider the merits of his *pro se* motion.

just made, will fit into the state shoe however it is not as comfortable as the air pocked shoes." (*Id.*) After reviewing the podiatrist's recommendations, Dr. Hannula informed Franklin that he would not be receiving other shoes from HSU because his orthotics fit his shoes.

Franklin continues to claim that his orthotics continue to cause him significant pain, and he details his most recent attempts to obtain different shoes in his renewed motion for preliminary injunction. To summarize, between March and June of 2018, Franklin has been requesting copies of his x-rays so that he can get another opinion from a different off-site provider. He also has submitted multiple requests to purchase vendor-provided boots or workboots provided for prisoners on work release. Despite submitting requests to Stanley's HSU, the property lieutenant and the Special Needs Committee, all of his requests have been denied to date. Most recently, on May 22, 2018, Franklin submitted a Health Services Request ("HSR") to Stanley's HSU, reporting numbness and weakness and requested a low bunk restriction. (Dkt. #30-1, at 15.) While Franklin states that this request was to "no avail," the HSR notes indicate that a nurse saw him that day. Then, on June 26, 2018, Franklin submitted another HSR, this time reporting "sharp pain, fracture, swelling." While he alleges no relief, the HSR includes notes and a signature from a nurse, indicating that he was examined on June 28, 2018.

OPINION

I. **Motion for Preliminary Injunction (dkt. #30)**

To prevail on a motion for a preliminary injunction, a plaintiff must show: (1)

likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). Assuming these hurdles are cleared, a plaintiff must then demonstrate that the balance of harms tips in his favor and that the public interest favors the injunctive relief. *Id.*

As formidable as these factors are for a typical party to prove, the Prison Litigation Reform Act ("PLRA"), which governs this lawsuit, narrows the available relief to an even greater extent in cases involving prison conditions. The PLRA sets forth that any injunctive relief to remedy prison conditions must be "narrowly drawn extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (vacating overbroad injunction related to the procedures for transferring prisoners to a supermax prison). The PLRA also requires this court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." § 3626. Here, the court need not decide whether Franklin could clear this higher bar, however, because Franklin has fallen far short of showing a likelihood of success on the merits of his claim.

As previously noted, prison official may violate the Eighth Amendment if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "Serious medical needs" include: (1) conditions that are life-threatening or that carry risk of permanent serious impairment if left untreated; (2) withholding of medical care that results in needless pain and suffering; or (3) conditions that have been

4

"diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment and disregarded the risk by consciously failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Allegations of delayed care, even a delay of just a few days, may violate the Eighth Amendment if the delay caused the inmate's condition to worsen or unnecessarily prolonged his pain. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment.") (citations omitted); *Smith v. Knox County Jail*, 666 F.3d 1037, 1039-40 (7th Cir. 2012); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011). While Wisconsin's common law negligence standard is less demanding, it still requires a plaintiff to prove a breach of a duty of care.

With respect to Dr. Hannula and HSU Manager Barker specifically, the court determined at screening that it was reasonable to infer that their involvement in the 2016 decision to change Franklin's shoe restriction from his Nike ACG boots to the state-issued boots with orthopedic inserts may have exhibited deliberate indifference. In permitting Franklin to proceed beyond the screening stage, however, the court also warned that *proving* his claim would be difficult. In particular, the court explained that to prove his claim, Franklin must do more than show his own disagreement with the treatment decisions, or

> even that the defendants could have provided better treatment, *Lee v. Young*, 533 F.3d 505, 511-12 (7th Cir. 2008). Plaintiff will have to show that each defendant's conduct was "blatantly inappropriate." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (internal quotations omitted). This may even require his introducing expert opinions that only a medical doctor can provide. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997)

5

> (distinguishing between deliberate indifference cases where an expert is unnecessary and those where the jury must consider "complex questions concerning medical diagnosis and judgment").

(Order (dkt. #24) at 10.)

At this stage, Franklin put forth *no* evidence suggesting that the repeated affirmance of the decision to switch him to state-issued boots with inserts abandoned professional judgment or was even negligent. In fact, Franklin does not even address the fact that an outside consultant's independent assessment of Franklin's condition by Dr. Elliot of Gunderson Clinic in La Crosse was *consistent* with Dr. Hannula's. Instead, Franklin cites to his reports of pain, as well as the blisters and callouses he alleges that his supports have caused, but that evidence does not call into question whether the decision to issue him orthopedics was improper. Accordingly, since Franklin has yet to demonstrate any likelihood of success on the merits of this claim, his request for a preliminary injunction will be denied.

## II. Motions for Discovery (dkt. ##36, 38)

Both of Franklin's motions for discovery will also be denied as premature. In his initial motion, Franklin seeks a court order requiring that defendants produce various documents related to his medical care, as well as photographs of the orthotics prescribed to him. However, defendants respond that Franklin has not actually served them with any discovery requests, and in any event, Franklin has the ability to submit a request with the HSU to view his medical records and make copies at his own cost. Franklin has not indicated that he is unable to review his records in this manner. Until Franklin exhausts

6

these avenues for discovery, an order to compel by this court would be premature.

Franklin's second motion for discovery seeks an order directing defendants to produce "communications between the HSU staff and Security personnel" related to his orthopedic restrictions. Again, Franklin failed to serve defense counsel with the discovery request he outlines in his motion; rather, Franklin's attachments to his reply brief indicate that he submitted those requests through the HSU, not defense counsel. Given that defendants respond that they will respond to a proper discovery request seeking these communications, the court will also deny this motion without prejudice as premature.

Going forward, Franklin should bear in mind that he may certainly continue to seek documents through the HSU procedures, but to obtain relief from this court, he must serve his discovery requests on defense counsel directly. In preparing formal discovery requests, Franklin should refer to the instructions Magistrate Judge Crocker provided on pages 8-11 of the Preliminary Pretrial Conference Order (dkt. #29), a copy of which will be resent to him along with this order. Furthermore, even if Franklin serves discovery requests on defendants and their response leads Franklin to believe he has a good faith basis to file a motion to compel, Federal Rule of Civil Procedure 37 requires that a motion to compel discovery include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Accordingly, the court will deny any future motion to compel if Franklin does not show that he has both served defense counsel with his discovery requests and attempted to resolve the dispute informally before coming to the court.

ORDER

IT IS ORDERED that plaintiff Johnathan Franklin's motion for a preliminary injunction (dkt. #30) and motions for discovery (dkt. ##36, 38) are DENIED without prejudice.

Entered this 19th day of November, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge